**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Marcus WASHINGTON, Defendant–
Appellant.**

**No. 03–41710.**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2004.

Reynaldo Padillo Morin, U.S. Attorney's
Office Eastern District of Texas, Lufkin,
TX, for Plaintiff–Appellee.

John Richard Heath, Nacogdoches, TX,
for Defendant–Appellant.

Before KING, Chief Judge and JOLLY
and CLEMENT, Circuit Judges.

PER CURIAM: *

Marcus Washington appeals from his
jury-verdict conviction for conspiracy to
distribute and possess with intent to dis-
tribute 50 grams or more of crack cocaine.
He first argues that his sentence is invalid
pursuant to *Blakely v. Washington,* ——
U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403
(2004). In *United States v. Pineiro,* 377
F.3d 464, 465–66 (5th Cir.2004), *petition
for cert. filed,* (U.S. July 14, 2004) (No. 04–
5263), this court held that *"Blakely* does
not extend to the federal Guidelines."
Washington acknowledges that his instant
argument is foreclosed by *Pineiro* but

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

urges that we reconsider *Pineiro's* hold-
ing. A panel of this court cannot overrule
a prior panel's decision in the absence of
an intervening contrary or superseding de-
cision by this court sitting en banc or by
the United States Supreme Court. *United
States v. Lipscomb,* 299 F.3d 303, 313 n. 34
(5th Cir.2002). Washington's *Blakely* ar-
gument does not warrant relief.

Washington also contends that the evi-
dence produced at trial was insufficient to
support the jury's verdict. Because Wash-
ington has not shown that the coconspira-
tor testimony produced at trial was incred-
ible as a matter of law, his challenges on
grounds of credibility and lack of corrobo-
ration fail. *See United States v. Gadison,*
8 F.3d 186, 190 (5th Cir.1993); *United
States v. Greenwood,* 974 F.2d 1449, 1457
(5th Cir.1992). Moreover, examination of
the record shows that a rational trier of
fact could have found that the evidence
established guilt beyond a reasonable
doubt. *See Jackson v. Virginia,* 443 U.S.
307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979).

Accordingly, the district court's judg-
ment of conviction is AFFIRMED.

---

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.