United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-41710

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARCUS WASHINGTON

Defendant - Appellant

---

Appeal from the United States District Court
for the Eastern District of Texas, Lufkin
USDC No. 9:02-CR-00032

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed the judgment of conviction and sentence of defendant-appellant Marcus Washington. See United States v. Washington, 115 F. A'ppx 205, 205 (5th Cir. Dec. 14, 2004) (per curiam) (unpublished). Following our judgment, Washington filed a petition for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

certiorari, in which he challenged the constitutionality of his sentence under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).[1] The Supreme Court granted Washington's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). <u>See</u> <u>Washington v. United States</u>, 125 S. Ct. 2275 (2005). We requested and received supplemental letter briefs addressing the impact of <u>Booker</u>. We now reconsider the matter in light of <u>Booker</u> and decide to reinstate our previous judgment affirming Washington's conviction and sentence.

In his petition for certiorari, Washington challenged only the district court's alleged Sixth Amendment error, arguing that the district court erred by enhancing his sentence under a mandatory guidelines system based on facts not admitted by him or found by a jury beyond a reasonable doubt.[2] As Washington admits in his supplemental letter brief, however, he did not make a

---

[1] In his petition for certiorari, Washington did not challenge our prior findings that: (1) his sufficiency of the evidence claim failed because Washington did not show that the co-conspirator testimony produced at trial was "incredible as a matter of law"; and (2) there was sufficient evidence produced at trial so that a rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt. <u>See</u> <u>Washington</u>, 115 F. A'ppx at 205. Accordingly, we will consider only Washington's <u>Booker</u>-related Sixth Amendment claim here.

[2] Specifically, Washington alleged in his petition for certiorari that the district court committed Sixth Amendment error when the judge, rather than the jury, made "additional findings beyond the parameters of the indictment and guilty finding by the jury" to increase his base offense level.

-2-

Booker-related challenge in the district court.  Accordingly, this court reviews the district court's imposition of the enhancements for plain error.  See United States v. Olano, 507 U.S. 725, 732-37 (1993); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 43 (2005).  This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights.  See Mares, 402 F.3d at 520.  When these three conditions are met, this court may exercise its discretion to correct the error only if "'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  Id. (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)) (internal alteration omitted).

The first prong of the plain-error test is satisfied in this case.  Under the mandatory guideline system in place at the time of sentencing, Washington's sentence was enhanced based on findings made by the judge that went beyond the facts admitted by the defendant or found by the jury.  Washington has therefore established Booker error.  Because of Booker, this error is also plain, satisfying the second prong of the test.  United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005), cert. denied, --- U.S. ----, 126 S. Ct. 264 (2005); Mares, 402 F.3d at 521 (citing Olano, 507 U.S. at 734, and Johnson v. United States, 520 U.S. 461, 468 (1997)).

The third prong of the plain-error test, however, is not

-3-

satisfied in this case.  Washington has failed to show that the error affected his substantial rights.  The standard for determining whether an error affects substantial rights requires that the error affect the outcome of the district court's proceedings.  Bringier, 405 F.3d at 317; Mares, 402 F.3d at 521 (citing Olano, 507 U.S. at 734).  To meet this standard, Washington bears the burden of "demonstrat[ing] a probability 'sufficient to undermine confidence in the outcome.'"  Mares, 402 F.3d at 521 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 124 S. Ct. 2333, 2340 (2004)).  Because the error here was the district court's use of extra-verdict enhancements to reach a sentence under guidelines that the district court believed to be mandatory, the question is whether Washington has demonstrated that the sentencing court would have reached a different result had it sentenced Washington under an advisory scheme rather than a mandatory one.  Bringier, 405 F.3d at 317; Mares, 402 F.3d at 521.

Based on the record before us, we do not know what the trial judge would have done had the guidelines been advisory. Washington has pointed to nothing in the record indicating that the district court would have reached a different conclusion under an advisory scheme.[3]  Accordingly, Washington has failed to

_____

[3]  In fact, in his supplemental letter brief, Washington admits that "[t]here is nothing in the record below that could support an inference that the sentencing judge would likely impose a lesser sentence if the case were remanded and he had an

-4-

carry his burden of demonstrating that his sentence likely would have been different had the district court sentenced him under the post-<u>Booker</u> advisory regime rather than the pre-<u>Booker</u> mandatory regime.  We therefore find no plain error.  <u>See</u> <u>Bringier</u>, 405 F.3d at 318; <u>Mares</u>, 402 F.3d at 522.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we REINSTATE our judgment affirming Washington's conviction and sentence.

---

opportunity to do so."  He further acknowledges "that the likelihood that a new sentence would differ from the one imposed is remote."